# Supreme Court of Texas

No. 21-0873

In re State,
*Relator*

On Petition for Writ of Mandamus

**PER CURIAM**

Today we stay enforcement of San Antonio Independent School District's policy requiring that all its employees be vaccinated for COVID-19 by October 15. We grant this relief on our own authority under Rule 52.10(b) of the Texas Rules of Appellate Procedure while we consider the State's petition for writ of mandamus. We express no view on the merits of the State's claims.

This case, like those regarding local governmental entities' authority to mandate the wearing of masks, challenges the legality of the Governor's orders under the Texas Disaster Act. We have not yet had the opportunity to consider the merits of these challenges. Our role has been to issue orders preserving the status quo. In the case of local governmental entities seeking to impose new mask mandates, we stayed temporary-relief orders permitting those mandates. *In re Greg Abbott,*

No. 21-0686; *In re Greg Abbott*, No. 21-0687. When a court of appeals exercised its authority under Rule 29.3 to reinstate a temporary injunction permitting mask mandates, we stayed its order. *In re Greg Abbott*, No. 21-0720.

Regarding vaccine mandates, the Governor first sought to ensure that "no governmental entity can compel any individual to receive a COVID-19 vaccine administered under an emergency use authorization" in Executive Order GA-35, issued April 5, 2021. The School District issued its vaccine mandate on August 16, and the State promptly filed suit. On August 20, the School District clarified that it would only mandate vaccines that receive full FDA approval. The FDA granted full approval to the Pfizer COVID-19 vaccine on August 23, and the State nonsuited its claims against the School District. Two days later, the Governor issued Executive Order GA-39, barring governmental entities from compelling "any individual to receive a COVID-19 vaccine." The underlying suit followed on September 9.

The School District argues that its vaccine mandate is the status quo because it predates the Governor's order banning all COVID-19 vaccine mandates by a matter of days. It claims that the last actual, peaceable, non-contested status preceding the pending controversy was the five days between its clarification and GA-39's issuance. However, the Governor asserted his authority to control vaccine mandates at the state level in April, months before the School District implemented its mandate. The status quo between the parties is not local control over vaccine mandates.

2

Our exercise of authority under Rule 52.10 to preserve the status quo is not a comment on the decision of the district court to deny the State's request for a temporary injunction. To obtain a temporary injunction, a party must plead and prove (1) a cause of action against the defendant, (2) probable right to the relief sought, and (3) a probable, imminent, and irreparable injury in the interim. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2004). We are confident that the court of appeals will expeditiously consider the State's appeal.

The petition for writ of mandamus remains pending before the Court.

**OPINION DELIVERED:** October 14, 2021